UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-23377-CIV-LENARD/GARBER

FIDEL ABREU GONZALEZ and
TANIA CORONA on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

E.M.J. PATROL & INVESTIGATIONS,
INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Joan A. Lenard.  Pursuant to such reference, the Court has received Plaintiffs' Motion for Default Judgment [DE 23] and the supplement thereto [DE 28].  Upon due consideration, the Court respectfully recommends that Plaintiffs' Motion for Default Judgment against E.M.J. Patrol & Investigations be GRANTED in the amount of $42,525 for Fidel Abreu Gonzalez, $38,808 for Tania Corona and $5,746 for reasonable fees and costs.

Plaintiffs sued E.M.J. Patrol & Investigations, Inc. under the Fair Labor Standards Act (FLSA) alleging that E.M.J. Patrol & Investigations failed to pay the plaintiffs the overtime wages they had earned.  E.M.J. Patrol & Investigations failed to retain counsel and, because a corporation cannot proceed pro se, F.T.C. v. Gem Merchandising Corp., 1995 WL 623168 (11th Cir. 1995), the clerk entered a default against it.  One consequence of a default, is that all well-pled allegations in the

1

complaint are taken as true. <u>Nishimatsu Const.Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975). These allegations must demonstrate a sufficient basis for the judgment sought. <u>Id.</u> They do.

Plaintiffs allege that E.M.J. Patrol & Investigations is a company with an annual gross revenue of $500,000 and is an enterprise engaged in interstate commerce. Complaint ¶¶ 7 & 8. Fidel Abreu Gonzalez alleges that he was employed by E.M.J. Patrol & Investigations from February 2005 to February 2008. Complaint ¶ 11. During this period, he was paid $7.50 an hour and worked an average of 15 hours of overtime per week. Complaint ¶17. Thus, he is entitled to a $21,262.50 in lost overtime pay.[1] Tania Corona alleges that she was employed by E.M.J. Patrol & Investigations from September 2005 to February 2007 at $7.00 an hour. Complaint ¶¶ 18 & 19. She worked an average of 24 hours a week of overtime. Complaint ¶19. Thus, she is entitled to $19,404 in lost overtime pay.[2]

Plaintiffs also seek an equal amount in liquidated damages. <u>See</u> Complaint ¶¶ 18 & 19. The FLSA provides for the recovery of additional liquidated damages equal to the amount of a plaintiff's unpaid overtime compensation. 29 U.S.C. § 216(b). The Court, however, has discretion to refuse to award liquidated damages when "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938 . . . ." 29 U.S.C. § 260. E.M.J. Patrol & Investigations, of course, has made no attempt to demonstrate good faith. Accordingly, Plaintiffs are entitled to liquidated damages equal to their unpaid overtime.

---

[1] $7.50 x 1.5 x 15 hours per week x 126 weeks = $21,262.50.

[2] $7.00 x 1.5 x 24 hours per week x 77 weeks = $19,404.

Lastly, Plaintiffs seek attorneys' fees and costs in the amount of $5,746. The FLSA provides for the recovery of reasonable costs and fees. 29 U.S.C. § 216(b). The Court has examined the affidavits and time sheets of Plaintiffs' attorney, Charles H Bechert, III, and finds both the hourly rate and time spent to be reasonable. Accordingly, Plaintiffs are entitled to $5,746 in attorneys' fees and costs.

For the reasons elaborated above, the Court respectfully

RECOMMENDS that Plaintiffs' Motion for Default Judgment against E.M.J. Patrol & Investigations be GRANTED as follows:

1. $21,262.50 for unpaid overtime to Fidel Abreu Gonzalez;

2. $21,262.50 for liquidated damages to Fidel Abreu Gonzalez;

3. $19,404 for unpaid overtime to Tania Corona;

4. $19,404 for liquidated damages to Tania Corona; and

5. $5,746 for reasonable costs and attorneys' fees to Plaintiffs.

The parties have ten (10) days from the date of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Joan A. Lenard. See 28 U.S.C. § 636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 21st day of May 2009.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE